UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BACON, <br><br> Plaintiff, <br><br> -vs- <br><br> M.A.G. ENTERPRISES, INC. d/b/a CHEERLEADERS, and MICHAEL STEIFFENHOFER, *individually*; <br><br> Defendants. | Civil Action No. <br><br> **PLAINTIFF REQUESTS A TRIAL BY JURY** <br><br><br> **COMPLAINT** |

Plaintiff, James Bacon ("Plaintiff" and "Mr. Bacon") by and through his undersigned counsel hereby files this Civil Action Complaint against Defendants, M.A.G. Enterprises, Inc. d/b/a Cheerleaders ("Defendant" and "Cheerleaders"), and Michael Steiffenhofer, individually, and upon information and belief avers the following:

### NATURE OF THE CASE

Plaintiff complains of race discrimination, hostile work environment, retaliation, and wrongful termination pursuant to the Civil Rights Act of 1866, as codified 42 U.S.C. § 1981, and seeks damages to redress injuries Plaintiff suffered as a result of discrimination and hostile work environment harassment, which ultimately led to Plaintiff's retaliatory termination by his employer due to his exercise of protected activities.

### JURISDICTION AND VENUE

1. This action involves a question of federal law pursuant to the Civil Rights Act of 1866, as codified 42. U.S.C. § 1981 (hereinafter "§ 1981.")

1

2. Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendants and worked in the county of Philadelphia within the Commonwealth of Pennsylvania where the discrimination occurred.

**PARTIES**

3. Plaintiff James Bacon ("Plaintiff" or "BACON") is an adult individual who resides in the State of New Jersey with an address of 715 Monmouth Road, Chesterfield, NJ 08515.

4. Defendant M.A.G. Enterprises, Inc. ("Defendant" and/or "M.A.G.") is a business organization which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania, with offices for the purposes of service at 2740 South Front Street, Philadelphia, PA 19148.

5. Defendant M.A.G. conducts business under the registered fictitious name of CHEERLEADERS under the laws of the Commonwealth of Pennsylvania.

6. At all times, Defendant M.A.G. and Defendant CHEERLEADERS were Plaintiff's joint and sole employers.

7. At all times material, Defendants operated a gentlemen's club under the name "Cheerleaders," located at 2740 South Front Street, Philadelphia, PA 19148.

8. Defendant MICHAEL STEIFFENHOFER is an individual white/Caucasian male.

9. At all times material, Defendant STEIFFENHOFER was employed by Defendant M.A.G. as a Day Manager.

10. At all times material, Plaintiff was qualified for his position with Defendants.

11. At all times material, Plaintiff was employed by Defendant, and both Plaintiff and Defendant agreed that Plaintiff was a W2 employee.

12. At all times relevant to this civil action complaint, Defendants were subject to federal antidiscrimination statutes including § 1981.

## MATERIAL FACTS

13. Plaintiff worked for Defendant M.A.G. on several different occasions. Relevant to this matter is Plaintiff's employment beginning around December 2022, when Plaintiff was hired by Defendants for a barback position at Cheerleaders.

14. Plaintiff is a Black/African American male.

15. At all times, Plaintiff excelled in his position and fulfilled the terms and conditions of his employment.

16. At all times material, Defendant STEIFENHOFFER was a white/Caucasian employee of Defendants who held the position of Day Manager.

17. Defendant STEIFFENHOFER was one of Plaintiff's supervisors during Plaintiff's employment.

18. At all times material, STEIFFENHOFER held the authority to subject Plaintiff to tangible employment actions.

19. On May 9, 2024, Plaintiff was working his shift as a barback at Cheerleaders when he was struck in his back by a white dancer named Sophia (Last Name Unknown) ("Sophia") when she was leaving the stage.

20. As Sophia tended to strike and bump into Plaintiff very often at work, on this occasion, Plaintiff asked Sophia "if [she] had a problem with him" and further stated that "[she] could at least say 'excuse me'" when she bumped into him.

21. In response, Sophia became angry and stated to Plaintiff that "**I don't have to say 'excuse me' to a nigger.**"

22. Shocked by Sophia's blatantly harassing and discriminatory statement, Plaintiff immediately went to the manager on duty, Mark (Last Name Unknown) ("Mark") and reported Sophia's use of the offensive racial slur towards him.

23. However, Mark seemed wholly uninterested in addressing the situation, stating to Plaintiff in words or substance that he should "brush it off" and that he'd "deal with it later." Mark further stated to Plaintiff that he should have "toughed it out."

24. Incredulous at Mark's complete dereliction of his duties as a supervisor and complete lack of action, Plaintiff stated to Mark that Sophia should at least be reprimanded in response to her egregious behavior towards him.

25. In response, Mark became angry at Plaintiff and stated to him "If you don't like it, you can leave."

26. Accordingly, still highly disturbed and offended by Sophia's behavior and Mark's disinterest in addressing the same, Plaintiff left the venue as directed by Mark.

27. The following day, Plaintiff returned to the venue to speak with management further, even though he was not scheduled to work that day.

28. When he arrived, Plaintiff spoke with Defendant STIEFFENHOFER, Defendant's daytime manager.

29. Defendant STEIFFENHOFER was also inexplicably angry with Plaintiff for asserting his rights to a discrimination-free workplace, and promptly informed Plaintiff that he was terminated for leaving his shift the night before.

30. Defendant STEIFFENHOFER further stated to Plaintiff as he was leaving "good luck getting unemployment."

31. Defendants had a duty to prevent discrimination and harassment in the workplace.

32. Defendants failed to investigate Plaintiff's complaint or to take appropriate remedial measures.

33. Plaintiff was targeted for adverse action including termination due to Plaintiff's membership in a protected class based upon race and due to Plaintiff's reports of and opposition to the discrimination and harassment in the workplace.

34. As a result of Defendant's conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

35. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

36. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer a loss of income, loss of salary, bonuses, benefits and other compensation which such employment entails.

37. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

38. Plaintiff has further experienced severe emotional and physical distress.

39. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendant, jointly and severally.

40. Defendant has exhibited a pattern and practice of not only discrimination but also retaliation.

41. Defendant at all times refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment and hostile work environment.

42. Defendant's discriminatory conduct was severe and pervasive, and created a hostile work environment for Plaintiff.

43. The above are just some of the examples of the discrimination and retaliation to which Defendants subjected Plaintiff.

44. Defendant has exhibited a pattern and practice of not only discrimination but also retaliation.

**AS A FIRST CAUSE OF ACTION
FOR RACE DISCRIMINATION UNDER
42. U.S.C. § 1981**
*(Against Defendant M.A.G. only)*

45. Plaintiff hereby incorporates each and every allegation made in the above paragraphs of this complaint as fully as if they were set forth at length.

46. 42 U.S.C. § 1981 states in relevant part as follows:

   a. (a) Statement of equal rights of all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of

contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

47. Plaintiff makes claims for all damages available to him as a result of Defendants' unlawful discrimination.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER
## 42 U.S.C. § 1981

48. Plaintiff hereby incorporates each and every allegation made in the above paragraphs of this complaint as fully as if they were set forth at length.

49. Defendants have violated 42 U.S.C. § 1981 by subjecting Plaintiff to retaliation for her protected complaints and opposition to Defendants' unlawful discriminatory conduct on the basis of her race, by denying Plaintiff the ability to work in an environment free of discrimination and harassment in the workplace.

50. Plaintiff makes claims for all damages available to him as a result of the Defendants' retaliation.

## AS A THIRD CAUSE OF ACTION
## FOR HOSTILE WORK ENVIRONMENT UNDER
## 42 U.S.C. § 1981
## *(Against Defendant M.A.G. only)*

51. Plaintiff hereby incorporates each and every allegation made in the above paragraphs of this complaint as fully as if they were set forth at length.

52. While employed by Defendants, Plaintiff was subjected to an intimidating, hostile and offensive work environment because Plaintiff was denied the same privileges of employment as

his similarly situated non-black colleagues. The conduct was sufficiently severe and pervasive such that it altered the terms and conditions of Plaintiff's employment such that no other reasonable person in Plaintiff's position would have been able to continue working under the same conditions.

53. Plaintiff makes claims for all damages available to him as a result of the hostile work environment that he was forced to endure during his employment with Defendants.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, in an amount to be determined at the time of trial plus interest, including but not limited to, all emotional distress, back pay, front pay, punitive damages, liquidated damages, statutory damages, attorney's fees, costs, and disbursements of action; and, for such other relief as the Court deems just and proper.

Dated: February 10, 2026

**FREUNDLICH & LITTMAN, LLC**
*Attorneys for Plaintiff*

By: */s/ Nathaniel N. Peckham, Esq.*
Nathaniel N. Peckham, Esq.
1425 Walnut Street, Suite 200
Philadelphia, PA 19102
P: (215) 545-8500
F: (215 545-8510
E: *nathaniel@fandllaw.com*